11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Byron
Lenoir Times

Appellant

Vs.                   No. 11-01-00125-CR B Appeal from
Dallas County

State
of Texas

Appellee

 

The trial court convicted appellant, upon his plea of
guilty, of aggravated robbery. 
Appellant entered pleas of true to both enhancement paragraphs.  A plea bargain agreement was not
reached.  The trial court found that a
deadly weapon was used or exhibited and assessed his punishment at confinement
for 40 years.  We affirm.

Appellant=s court-appointed appellate counsel has
filed a brief in which she examines the pretrial proceedings, the written
admonishments, the admonishments in open court, the evidence presented,
appellant=s judicial
confession, the voluntariness of appellant=s pleas, and the performance of trial
counsel.  Appellate counsel concludes
that the appeal is frivolous and without merit.

Counsel has furnished appellant with a copy of the brief and
has advised appellant of his right to review the record and file a pro se
brief.  A pro se brief has not been
filed.  Counsel has complied with the
procedures outlined in Anders v. California, 386 U.S. 738 (1967); Stafford v.
State, 813 S.W.2d 503 (Tex.Cr.App.1991); High v. State, 573 S.W.2d 807
(Tex.Cr.App.1978); Currie v. State, 516 S.W.2d 684 (Tex.Cr.App.1974); and
Gainous v. State, 436 S.W.2d 137 (Tex.Cr.App.1969).








Following the procedures outlined in Anders, we have
independently reviewed the record. 
Appellant testified that he Aneeded money for drugs@ so he robbed
the victim in the Lexington Hotel. 
Appellant also testified that he had a problem with marihuana and
cocaine, that he used 20 grams a day, that he wanted help with his drug
problem, that he had two prior convictions, and that he was asking the trial
court to defer the adjudication of his guilt. 
The evidence is both legally and factually sufficient to support the
conviction.    Jackson v. Virginia, 443
U.S. 307 (1979); Johnson v. State, 23 S.W.3d 1 (Tex.Cr.App.2000); Jackson v.
State, 17 S.W.3d 664 (Tex.Cr.App.2000); Clewis v. State, 922 S.W.2d 126
(Tex.Cr.App.1996).  The record reflects
that trial counsel provided reasonably effective assistance.  Strickland v. Washington, 466 U.S. 668
(1984); Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App.1999). The record does
not reflect that counsel=s representation was not within the range
of competence demanded of attorneys in criminal cases or that there is a
reasonable probability that, but for counsel=s errors, appellant would not have
pleaded guilty but would have insisted on going to trial.  Hill v. Lockhart, 474 U.S. 52 (1985); Ex
parte Morrow, 952 S.W.2d 530 (Tex.Cr.App.1997). We agree that the appeal is
without merit.

The judgment of the trial court is affirmed.

 

PER CURIAM

 

May
23, 2002

Do
not publish.  See TEX.R.APP.P. 47.3(b).

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.